UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN BENTON RAGLAND,

                Petitioner,

    v.

JASON BENNETT,

                Respondent.

Case No. C23-5574-MJP-MLP

ORDER GRANTING PETITIONER
LEAVE TO FILE SUPPLEMENTAL
BRIEF RE: EQUITABLE TOLLING

This is a federal habeas action brought under 28 U.S.C. § 2254. Petitioner submitted his federal habeas petition to the Court for filing on June 28, 2023. (Dkt. # 1.) Respondent filed an answer to the petition on October 9, 2023, and he argues therein that Petitioner's petition is untimely under 28 U.S.C. § 2244(d) and should be dismissed on that basis. (Dkt. # 12.) On January 8, 2024, Petitioner filed a response to Respondent's answer in which he argues that he is entitled to equitable tolling of the limitations period. (Dkt. # 16.) Though the Court's Order directing service of the petition afforded Respondent an opportunity to file a reply to Petitioner's response (*see* dkt. # 6, ¶ 3), Respondent elected not to do so. On February 5, 2024, this Court issued an Order directing Respondent to file a reply brief addressing the equitable tolling

ORDER GRANTING PETITIONER LEAVE
TO FILE SUPPLEMENTAL BRIEF RE:
EQUITABLE TOLLING - 1

arguments set forth by Petitioner in his response and re-noted Respondent's answer for consideration on March 1, 2024. (Dkt. # 17.)

On February 14, 2024, Petitioner submitted a "Response" to the Court's Order in which he objected to the directive that Respondent file a reply brief addressing equitable tolling. (*See* dkt. # 19 at 2-4.) The basis of Petitioner's objection appears to be that Respondent presented arguments regarding equitable tolling in his answer in anticipation of Petitioner raising such arguments in his response, and that the Court was giving Respondent a "second bite of the apple" because his original equitable tolling arguments were "deficient." (*Id*. at 3-4.) Petitioner complained that the Court had put him in an unfair position and asked that the Court either strike its prior Order or give him an opportunity to respond to Respondent's reply. (*Id*.)

On February 28, 2024, Respondent filed his reply to Petitioner's response. (Dkt. # 20). Thereafter, on March 15, 2024, Petitioner submitted a motion seeking an extension of time to respond to Respondent's reply. (Dkt. # 21.) Petitioner argues in his motion that Respondent's reply was not delivered to him until March 6, 2024, which hindered his ability to file a responsive brief. (*Id*. at 1.) Petitioner also cites to limited access to e-filing as another reason justifying an extension. (*Id*. at 2.) Petitioner indicates that, in conjunction with his anticipated response to Respondent's reply brief, he intends to withdraw his objection to this Court's prior Order. (*Id*.)

The Court disagrees with Petitioner's assessment that it was unfair to grant Respondent an opportunity to file a reply brief presenting additional argument regarding equitable tolling. As noted in its prior Order, the Court determined that a brief from Respondent addressing the specific equitable tolling arguments raised by Petitioner in his response would aid in the resolution of Petitioner's petition. (Dkt. # 17 at 2.) Moreover, the reply brief was one permitted

ORDER GRANTING PETITIONER LEAVE
TO FILE SUPPLEMENTAL BRIEF RE:
EQUITABLE TOLLING - 2

in the normal course of a typical habeas proceeding. The fact that Respondent initially opted not to file such a brief does not render the Court's directive that he do so unfair nor does it place Petitioner at any particular disadvantage.

Petitioner's request to file a response to Respondent's reply is, in contrast, out of the ordinary and not a brief contemplated by this Court's normal procedures in habeas actions. The Court also observes, relative to Petitioner's recent motion for an extension of time, that because the brief Petitioner is seeking to file is not typically permitted, there is no deadline for the Court to extend. Nonetheless, while Petitioner's request is out of the ordinary, the Court sees no prejudice in granting Petitioner an opportunity to respond to the arguments set forth by Respondent in his reply brief should Petitioner desire to do so.

Accordingly, the Court hereby ORDERS as follows:

(1) Petitioner may file a supplemental brief responding to the arguments raised by Respondent in his reply brief not later than **April 5, 2024**. Respondent's answer (dkt. # 12) is RE-NOTED on the Court's calendar for consideration on that date.

(2) Petitioner's objection to the Court's prior Order (dkt. # 19) is STRICKEN as moot.

(3) The Clerk is directed to send copies of this Order to Petitioner, to counsel for Respondent, and to the Honorable Marsha J. Pechman.

DATED this 21st day of March, 2024.

MICHELLE L. PETERSON
United States Magistrate Judge