1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN BENTON RAGLAND,

                     Petitioner,

    v.

JASON BENNETT,

                  Respondent.

Case No. C23-5574-MJP-MLP

REPORT AND RECOMMENDATION

## I.    INTRODUCTION

Petitioner John Ragland is currently in the custody of the Washington Department of Corrections ("DOC") pursuant to a judgment and sentence of the Thurston County Superior Court. Petitioner has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 seeking relief from that judgment and sentence. (*See* dkt. # 1.) Respondent filed an answer to the petition together with relevant portions of the state court record. (Dkt. ## 12, 13.) Respondent argues in his answer that Petitioner's federal habeas petition is untimely under 28 U.S.C. § 2244(d). (*See* dkt. # 12.) Petitioner filed a response to Respondent's answer (dkt. # 16), and Respondent, at the Court's direction, filed a reply brief addressing the arguments raised by Petitioner in his response

REPORT AND RECOMMENDATION
PAGE - 1

1  (dkt. ## 17, 20). Petitioner, with the Court's approval, filed a supplemental brief addressing the

2  arguments set forth by Respondent in his reply. (Dkt. ## 22, 23.)

3      The Court, having reviewed Petitioner's petition, Respondent's answer, all briefing of the

4  parties, and the state court record, concludes this federal habeas action should be dismissed as

5  untimely under § 2244(d).

6                          **II.    BACKGROUND**

7      On July 14, 2015, Petitioner was found guilty, following a jury trial, of one count of rape

8  of a child in the first degree, three counts of child molestation in the first degree, one count of

9  incest in the first degree, and one count of incest in the second degree. (*See* dkt. # 13, Ex. 1 at 1.)

10  Petitioner was sentenced on August 27, 2015, to a minimum term of 318 months confinement

11  and a maximum term of life. (*See id.*, Ex. 1 at 6.)

12      Petitioner appealed his convictions and sentence to the Washington Court of Appeals.

13  (*See* dkt. # 13, Ex. 2.) On December 16, 2016, the Court of Appeals issued an unpublished

14  opinion reversing Petitioner's first degree rape of a child, first degree incest, and second degree

15  incest convictions and remanding for a new trial on those charges. (*Id.*, Ex. 2 at 1, 21.) On

16  remand, the State asked that these three counts be dismissed without prejudice and that the Court

17  proceed with resentencing as to the remaining counts. (*Id.*, Ex. 3 at 2.) Petitioner was resentenced

18  on November 6, 2017, to a minimum term of 130 months confinement and a maximum term of

19  life. (*Id.*, Ex. 3 at 3; *see also id.*, Ex. 7 at 37-45.)

20      Petitioner appealed the sentence imposed upon resentencing to the Court of Appeals.

21  (Dkt. # 13, Ex. 3.) On October 13, 2020, the Court of Appeals issued an unpublished opinion

22  affirming Petitioner's sentence. (*Id.*) Petitioner did not seek further review by the Washington

23  Supreme Court, and on November 25, 2020, the Court of Appeals issued a mandate. (*Id.*, Ex. 4.)

REPORT AND RECOMMENDATION
PAGE - 2

The Court of Appeals certified therein that the opinion filed on October 13, 2020, became the decision terminating review on November 13, 2020. (*Id.*)

In late 2021, Petitioner filed a personal restraint petition ("PRP") in the Court of Appeals. (Dkt. # 13, Ex. 5.) Petitioner signed his petition on November 23, 2021, and the petition was received by the Court of Appeals for filing on December 3, 2021. (*See id.*, Ex. 5 at 1, 6.) At around the same time, Petitioner submitted to the Court of Appeals a motion seeking an extension of time to file his PRP, citing limited access to the law library at the Stafford Creek Corrections Center ("SCCC") due to COVID-19 restrictions.[1] (*Id.*, Ex. 6.) The State, in its response to Petitioner's motion for extension of time, argued that the motion should be denied because both the motion and the underlying PRP were untimely. (*See id.*, Ex. 7.) On March 22, 2022, the Commissioner for the Court of Appeals, Division Two, entered a ruling granting Petitioner's motion to extend time and accepting the PRP as timely. (*Id.*, Ex. 9.)

On September 6, 2022, the Court of Appeals issued an order dismissing Petitioner's PRP as frivolous under Rule 16.11(b) of the Washington Rules of Appellate Procedure ("RAP"). (Dkt. # 13, Ex. 10.) Petitioner thereafter sought discretionary review by the Washington Supreme Court, and the Supreme Court issued a ruling denying review on February 10, 2023. (*Id.*, Ex. 11.) On June 9, 2023, the Court of Appeals issued a certificate of finality in Petitioner's personal restraint proceedings, certifying June 7, 2023, as the date the court's ruling dismissing the PRP became final. (*Id.*, Ex. 12.)

---

[1] Although Petitioner signed his motion for extension of time on November 15, 2021 (dkt. # 13, Ex. 6), and the mail was postmarked on November 17, 2021 (*id.*, Ex. 8 at 11), the motion was not filed in the Court of Appeals until December 6, 2021 (*see id.*, Ex. 6 at 1).

REPORT AND RECOMMENDATION
PAGE - 3

Petitioner submitted his federal habeas petition to this Court for filing on June 28, 2023.

(Dkt. # 1.) The briefing is now complete, and this matter is ripe for review.

### III.    DISCUSSION

**A.    Statute of Limitations**

A one-year period of limitation applies to applications for federal habeas relief by

persons in custody pursuant to the judgment of a state court. 28 U.S.C. § 2244(d). The one-year

limitation period in a § 2254 habeas action starts to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct
> review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by
> State action in violation of the Constitution or laws of the United States is
> removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially
> recognized by the Supreme Court, if the right has been newly recognized by
> the Supreme Court and made retroactively applicable to cases on collateral
> review; or
>
> (D) the date on which the factual predicate of the claim or claims presented
> could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Respondent asserts that Petitioner's petition is time-barred under § 2244(d)(1)(A). (Dkt.

# 12 at 10-12.) Respondent argues that Petitioner's amended judgment became final on

November 13, 2020, 30 days after the Court of Appeals issued its decision affirming Petitioner's

new sentence, and that the limitation period commenced on that date. (*Id.* at 11.) Respondent

maintains that Petitioner's federal habeas petition, filed June 28, 2023, was over one year and

seven months late. (*Id.* at 12.) Respondent also argues that Petitioner is not entitled to either

statutory or equitable tolling of the limitation period. (*See id.* at 11-15.)

REPORT AND RECOMMENDATION
PAGE - 4

Petitioner argues that he is entitled to a later start to the limitation period under § 2244(d)(1)(B) because closure of the institutional law library for a four-month period due to the COVID-19 pandemic denied him his constitutional right to meaningful access to the courts. (*See* dkt. # 18 at 5-6, 13-17.) Petitioner claims the limitation period should not be deemed to have commenced until March 2021, when law library access was reinstated. (*See id.* at 14-16.) Petitioner also argues that he is entitled to equitable tolling of the limitation period for the four months the law library was closed. (*See id.* at 17-20.)

1.    *28 U.S.C. § 2244(d)(1)(A)*

The one-year limitation period generally begins to run from the date of the conclusion of direct review or "the expiration of the time for seeking such [direct] review," whichever is later. 28 U.S.C. § 2244(d)(1)(A). Petitioner's amended judgment and sentence and the subsequent appeal of that judgment are the relevant events for purposes of calculating the statute of limitations here. Petitioner, in his second direct appeal, challenged only the newly imposed sentence and the Court of Appeals affirmed that sentence on October 13, 2020. (Dkt. # 13, Ex. 3.) Petitioner did not seek further review by the Washington Supreme Court. Thus, the period for direct review ended, at the latest, upon the expiration of the period for seeking review by the Supreme Court of the Court of Appeals' decision affirming the amended judgment and sentence. *See Wixom v. Washington*, 264 F.3d 894 (9th Cir. 2001).

Petitioner had 30 days from the date the Court of Appeals issued its decision affirming his new sentence to file a petition for review in the Supreme Court. *See* RAP 13.4(a). Because petitioner did not file a petition for review, his conviction became final on November 13, 2020. 28 U.S.C. § 2244(d)(1)(A). The statute of limitations began to run the following day, *see Corjasso v. Ayers*, 278 F.3d 874, 877 (9th Cir. 2002), and expired one year later on November

REPORT AND RECOMMENDATION
PAGE - 5

15, 2021.[2] Petitioner did not file his federal habeas petition until June 28, 2023, over 19 months after the one-year limitation period expired.

### 2.     28 U.S.C. § 2244(d)(1)(B)

Section 2244(d)(1)(B) provides that if an applicant for a writ of habeas corpus "was prevented from filing" a federal habeas petition by an "impediment . . . created by State action in violation of the Constitution or laws of the United States," the limitation period begins to run from "the date on which the impediment to filing . . . is removed." 28 U.S.C. § 2244(d)(1)(B). "To obtain relief under § 2244(d)(1)(B), the petitioner must show a causal connection between the unlawful impediments and his failure to file a timely habeas petition." *Bryant v. Arizona*, 499 F.3d 1056, 1060 (9th Cir. 2007) (citing *Gaston v. Palmer*, 417 F.3d 1030, 1034-35 (9th Cir. 2005), *amended by* 447 F.3d 1165 (9th Cir. 2006)). Delayed accrual under § 2244(d)(1)(B) is permitted only if the state impediment prevents a petitioner "from presenting his claims in *any* form, to *any* court." *Ramirez v. Yates*, 571 F.3d 993, 1001 (9th Cir. 2009) (emphasis in original) (citing *Lewis v. Casey*, 518 U.S. 343, 350-51 (1996)).

Petitioner argues that he was denied his right of meaningful access to the courts in violation of the Fourteenth Amendment when the SCCC law library was closed from November 27, 2020, to March 26, 2021, because of COVID-19 lockdowns/protocols. (*See* dkt. # 18 at 5-7.) Plaintiff further argues that this state impediment prevented him from timely filing his federal habeas petition because he had no ability to even begin preparation of a state or federal petition until the law library reopened. (*See id.*) According to Petitioner, even after the library reopened law library access remained limited and was subject to intermittent closures due to a lack of

---

[2] Because the last day of the one-year limitation period fell on a Sunday, November 14, 2021, the deadline to file a federal habeas petition did not expire until the following day. *See* Fed. R. Civ. P. 6(a)(1)(C).

REPORT AND RECOMMENDATION
PAGE - 6

staffing related to COVID-19, which made it "virtually impossible for an incarcerated pro se litigant of limited [sic] education to file a competent PRP by the [ ] deadline." (*Id.* at 8-9.) Petitioner maintains that because of the limited access he had to focus his efforts on preparing his PRP to fulfill his obligation to exhaust state court remedies before he could begin his federal habeas action. (*Id.* at 12.)

There does not appear to be any dispute that the SCCC law library was closed during the four-month period identified by Petitioner, and nothing in the record suggests there was an alternate legal access scheme in place during that period. Nonetheless, Petitioner fails to demonstrate that delayed accrual under § 2244(d)(1)(B) is appropriate in this case.

The four-month closure of the law library occurred at the beginning of the limitation period. During this four-month period, Petitioner apparently had access to his personal legal papers, with the exception of 25 days in December 2020 when he was placed on COVID-19 quarantine status and was permitted only basic necessities. (Dkt. # 18 at 7.) At some point during this four-month period, Petitioner was also able to gain access to a book about filing personal restraint petitions in Washington. (*See id.* at 15.) Once library access resumed, Petitioner still had eight months to conduct the legal research he deemed necessary to pursue post-conviction relief. Petitioner contends that the eight months was insufficient to prepare a competent PRP. (*Id.* at 9.)

However, Petitioner did ultimately present his constitutional claims to the state courts in a detailed and apparently well-researched PRP. (*See* dkt. # 13, Ex. 5.) While Petitioner characterizes the PRP as a "sloppy first draft" that he "slapped together" in order to file by the requisite deadline (*see* dkt. # 18 at 10), the PRP was sufficient to obtain review by the state appellate courts. On this record, it simply cannot be said that the closure of the law library for

REPORT AND RECOMMENDATION
PAGE - 7

four months denied Petitioner his "constitutional right of access to the courts." *See Bounds v. Smith*, 430 U.S. 817, 828 (1977).

Moreover, the record before this Court does not support the conclusion that the four-month closure of the law library prevented Petitioner from filing his federal habeas petition on time. Petitioner had ample time during the remaining eight months of the limitation period to file a protective federal habeas petition, which would have required Petitioner do nothing more than identify the claims he intended to raise and request that the federal proceeding be stayed while he exhausted his claims in the state courts. *See Rhines v. Weber*, 544 U.S. 269 (2005). This step would have required limited time and research and would still have permitted Petitioner to focus a majority of his effort on filing his state PRP as a precursor to his federal habeas petition. Petitioner elected to devote his time and energies exclusively to preparation of his PRP, and ultimately left himself no time to file his federal habeas petition. This was a litigation choice and cannot be reasonably attributed to the law library closure that occurred months earlier.

**B.      Statutory Tolling**

The one-year limitation period, regardless of when it is deemed to commence, is tolled for any "properly filed" collateral state challenge to the state conviction. 28 U.S.C. § 2244(d)(2). "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). The Washington Court of Appeals determined that Petitioner's PRP was not filed in accordance with the timing provisions of RCW 10.73.090. (Dkt. # 13, Ex. 9.) The court nonetheless accepted the PRP as timely, concluding that COVID-19 restrictions established extraordinary circumstances and that Petitioner appeared to have exercised due diligence in submitting his PRP "within a couple of weeks of the one-year deadline." (*See id.*)

REPORT AND RECOMMENDATION
PAGE - 8

As discussed above, Petitioner has not demonstrated that accrual of the one-year limitations period is properly delayed under § 2244(d)(1)(B). The proper accrual date is that calculated under § 2244(d)(1)(A), *i.e.*, November 15, 2021. The record makes clear that Petitioner did not sign and file his PRP until after that date. (*See* dkt. # 13, Ex. 5.) Once the statute of limitations period has run, a state collateral action filed thereafter does not serve to revive the statute. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003); *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001). Accordingly, Petitioner's PRP did not act to toll the limitations period.

While the Court of Appeals had the authority to apply state equitable tolling principles to Petitioner's PRP and deem his petition for collateral review timely, this does not affect the calculation of the federal statute of limitations. The fact remains that there was no state court collateral challenge pending at any time during the one-year period following November 13, 2020, the date on which Petitioner's judgment and sentence became final, and Petitioner is therefore not entitled to any statutory tolling of the federal limitation period under § 2244(d)(2).

Because the federal statute of limitations ran uninterrupted for 957 days from the date Petitioner's conviction became final until the date he filed his federal habeas petition on June 28, 2023, his federal habeas petition is untimely.

### C.    Equitable Tolling

Petitioner argues that in addition to being entitled to delayed accrual of the limitations period under § 2244(d)(1)(B), he is also entitled to four months of equitable tolling of the limitations period based on the SCCC law library closure. (Dkt. # 18, at 16-19.) The statute of limitations governing federal habeas petitions is subject to equitable tolling in appropriate circumstances. *Holland v. Florida*, 560 U.S. 631, 645 (2010). The Ninth Circuit has made clear

REPORT AND RECOMMENDATION
PAGE - 9

1   that equitable tolling is justified in very few cases, noting that "the threshold necessary to trigger

2   equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Miranda v.*

3   *Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002). A petitioner bears the burden of showing that

4   equitable tolling should be applied. *Id.* at 1065.

5       In order to receive equitable tolling, a petitioner must show "'(1) that he has been

6   pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and

7   prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408,

8   418 (2005)). The diligence required is "reasonable diligence." *Id.* at 653. "[T]he requirement that

9   extraordinary circumstances 'stood in his way' suggests that an external force must cause the

10  untimeliness, rather than, as we have said, merely 'oversight, miscalculation or negligence on

11  [the petitioner's] part, all of which would preclude application of equitable tolling.'" *Waldron-*

12  *Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009) (quoting *Harris v. Carter*, 515 F.3d

13  1051, 1055 (9th Cir. 2008)). A petitioner must also establish that the extraordinary circumstance

14  was, in fact, the reason the federal habeas petition was untimely. *Spitsyn v. Moore*, 345 F.3d 796,

15  799 (9th Cir. 2003).

16      Petitioner, in arguing that he is entitled to four months of equitable tolling because the

17  SCCC law library was closed for that amount of time, is essentially advocating for a "stop-clock"

18  approach to equitable tolling. Under the "stop-clock" approach, a petitioner who was impeded

19  from filing his federal habeas petition by extraordinary circumstances arising during the time the

20  limitation period was running would be permitted to extend the statute of limitations for the full

21  period of time the extraordinary circumstance existed. *See Smith v. Davis*, 953 F.3d 582, 586 (9th

22  Cir. 2020). However, the Ninth Circuit has rejected such an approach to determining the

23  applicability of equitable tolling in federal habeas actions. *See id.* The relevant question is

REPORT AND RECOMMENDATION
PAGE - 10

whether the petitioner was diligent in his use of the time available to him once the impediment

was removed, not whether he received the full 365 days allotted by the statute to seek post-

conviction relief. *See id.*

While Petitioner asserts repeatedly that the four months of lost library access impeded his

ability to file his federal petition on time, there is reason to question his actual diligence.

Petitioner claims he had no ability to even start a state or federal habeas action until the law

library reopened on approximately March 26, 2021. (Dkt. # 18 at 14-15.) Petitioner

acknowledges, however, that he had access to his legal file for most of the four-month period the

library was closed, and he even gained access to a book regarding the preparation of PRPs during

that time. While Petitioner lacked access to legal research materials during the four-month

period, that fact would not have precluded him from beginning work on his petitions for post-

conviction relief earlier.

It is also notable that, though Petitioner was presumably aware that time was of the

essence to file any federal habeas petition after his state PRP was dismissed on June 10, 2023, he

showed no haste in presenting his petition to this Court for filing. According to Petitioner, he

composed a federal habeas brief after review was denied by the Washington Supreme Court, but

then abandoned it because he believed it contained errors that would have rendered it a mixed

petition. (Dkt. # 18 at 16.) It took Petitioner another 18 days to finally file his federal habeas

petition. (*See* dkt. # 1.)

The Court also observes that while Petitioner claims preparation of his PRP "proved very

difficult" (dkt. # 18 at 15), and "[e]ach argument took months for [him] to research" (dkt. # 23 at

11), he took no steps to file a protective federal habeas petition or to revise his litigation strategy

to accommodate the longer than anticipated research process. While Petitioner may not have

REPORT AND RECOMMENDATION
PAGE - 11

contemplated these options, Petitioner's failure to recognize that such options were available does not constitute an extraordinary circumstance sufficient to justify equitable tolling. *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (holding that "a *pro se* petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance"); *Ford v. Pliler*, 590 F.3d 782, 789 (9th Cir. 2009) (observing that the equitable tolling standard "has never been satisfied by a petitioner's confusion or ignorance of the law alone").

Along similar lines, the Court observes that the materials in the record suggest Petitioner may not have been fully aware of when the federal statute of limitations was set to expire. As discussed above, Petitioner makes clear that during the period the federal statute of limitations was running his focus was on preparing and filing his state PRP by the requisite deadline. Petitioner also makes clear he believed that deadline to be November 25, 2021—one year from the date on which the mandate was issued following his second direct appeal. (*See* dkt. # 13, Exs. 6, 8; *see also* dkt. # 18 at 10, 12.) Petitioner endeavored to file, and in fact signed his PRP and placed it in the mail for filing, prior to that date.[3] (Dkt. # 13, Ex. 5.)

While Petitioner acknowledges in his federal habeas petition that the federal statute of limitations expired prior to November 25, 2021, it appears he did not comprehend in 2021 that

---

[3] As discussed above, the Washington Court of Appeals determined that the one-year time bar under state law, RCW 10.73.090, expired on November 15, 2021, one year after Petitioner's judgment and sentence became final following his second direct appeal. (*See* dkt. # 13, Ex. 9.) While this is consistent with the manner in which the federal statute of limitations is calculated, it does not track directly with the language of the state statute. Pursuant to RCW 10.73.090(3), a judgment becomes final on the most recent date of: (1) "the date [the judgment] is filed with the clerk of the court"; (2) "the date that an appellate court issues its mandate"; or (3) "the date that the United States Supreme Court denies a timely petition for certiorari." While the Court of Appeals noted in the mandate terminating review of Petitioner's second appeal that its October 13, 2020, decision became the decision terminating review on November 13, 2020, the mandate was not actually *issued* until November 25, 2020. (*See* dkt. # 13, Ex. 4.) It is, of course, the role of the state courts and not this Court, to interpret and apply state law. This Court observes, however, that the apparent inconsistency between the statute and the appellate court's interpretation/application of the statute presents a potential trap for prisoner litigants.

REPORT AND RECOMMENDATION
PAGE - 12

failure to file either a state PRP or a protective federal habeas petition by November 15, 2021, the date the federal statute of limitations expired, would likely preclude him from obtaining federal habeas review of his convictions. Once again, any misunderstanding regarding the way the federal statute of limitations operates does not entitle Petitioner to equitable tolling. *See Rasberry*, 448 F.3d at 1154; *Ford*, 590 F.3d at 789.

In sum, Petitioner has not shown the requisite diligence, nor has he shown that some extraordinary circumstance prevented him from timely filing his federal habeas petition. Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

### D.    Request for an Evidentiary Hearing

Petitioner includes in his briefing a request that he be afforded an evidentiary hearing with respect to both the tolling issue and the merits of his claims. (*See* dkt. # 18 at 5, 25.) The decision to grant an evidentiary hearing lies within the discretion of the Court. *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). The Court "must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Id.* at 474 (citation omitted). "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id.* As discussed above, the record in this matter precludes habeas relief because Petitioner's federal habeas petition is time-barred. Accordingly, an evidentiary hearing is not warranted.

### E.    Certificate of Appealability

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability from a district or circuit judge. A certificate of appealability may issue only where a petitioner has made

REPORT AND RECOMMENDATION
PAGE - 13

1    "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A

2    petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the

3    district court's resolution of his constitutional claims or that jurists could conclude the issues

4    presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537

5    U.S. 322, 327 (2003). Under this standard, this Court concludes that Petitioner is not entitled to a

6    certificate of appealability in this matter.

### IV.    CONCLUSION

8        Because Petitioner filed his federal habeas petition outside the § 2254 statute of

9    limitations period, and because Petitioner has not demonstrated that he is entitled to either

10   statutory or equitable tolling of the limitation period, Petitioner's petition is time-barred and must

11   be dismissed. Accordingly, this Court recommends that Petitioner's petition for writ of habeas

12   corpus (dkt. # 1) and this action be dismissed, with prejudice, under § 2244(d). This Court

13   further recommends that a certificate of appealability be denied. A proposed Order accompanies

14   this Report and Recommendation.

15       Objections to this Report and Recommendation must be filed with the Clerk and served

16   upon all parties not later than **twenty-one (21) days** from the date on which this Report and

17   Recommendation is signed. Failure to file objections within the specified time may affect your

18   right to appeal. Objections should be noted for consideration on the District Judge's motions

19   calendar **twenty-one (21) days** from the date they are filed. Responses to objections may be filed

20   within **fifteen (15) days** after service of objections. If no timely objections are filed, the matter

21   will be ready for consideration by the District Judge on **May 24, 2024**.

22   //

23   //

REPORT AND RECOMMENDATION
PAGE - 14

DATED this 2nd day of May, 2024.

MICHELLE L. PETERSON
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 15