1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOHN BENTON RAGLAND,

     Petitioner,

  v.

JASON BENNETT,

     Respondent.

CASE NO. C23-5574 MJP

ORDER ADOPTING REPORT AND
RECOMMENDATION

This matter comes before the Court on Petitioner's Objections to the Report and

Recommendation of Magistrate Judge Michelle L. Peterson. (Dkt. No. 27.) Having reviewed the

Report and Recommendation (R&R), Petitioner's Objections and Supplemental Objections (Dkt.

Nos. 27 & 28) (collectively "Objections"), and all supporting materials, the Court OVERRULES

the Objections and ADOPTS the R&R, and DISMISSES the petition with prejudice.

**BACKGROUND**

Petitioner John Ragland, appearing pro se, challenges the validity of his state court

criminal conviction under 28 U.S.C. § 2254. Magistrate Judge Peterson issued an R&R

ORDER ADOPTING REPORT AND RECOMMENDATION - 1

recommending dismissal of the petition as untimely. The Court reviews the facts relevant to the

timeliness of Ragland's federal petition.

Ragland was convicted and sentenced for three counts of child molestation, after various

post-verdict appeals led to the dismissal of convictions for child rape and incest. (R&R at 2.)

After failing to succeed on his direct appeal, his judgment became final on November 13, 2020.

(Id. at 2-3.) Absent tolling, the limitations period for a timely federal habeas corpus petition

under the Antiterrorism and Effective Death Penalty Act ("AEDPA") would have expired on

November 15, 2021. 28 U.S.C. § 2244(d)(1)(A); (see R&R at 6 n.2). Ragland did not file his

federal habeas petition until June 28, 2023—roughly nineteen months after the deadline to file

for federal habeas relief expired. However, Ragland did file a collateral appeal in state court (a

personal restraint petition or PRP) in early December 2020, and the state court accepted it as

timely filed.

To understand Ragland's tolling arguments, the Court reviews a timeline of relevant

events:

- The prison library was closed from November 27, 2020, to March 26, 2021 because of COVID-19 lockdowns/protocols. (R&R at 6.) Ragland claims that he was denied meaningful access to the law library during these four months. (Dkt. No. 18 at 9.)

- For 25 days in December 2020, Ragland was placed on COVID-19 quarantine status and was not permitted to have access to his personal legal materials. (R&R at 7; Dkt. No. 18 at 9.)

- Ragland claims that after the library reopened, "it was under modified or limited [sic] movement" and that inmates were allowed "1 hour twice a week, [where the] actual time was 45 to 50 minutes per visit not one hour." (Dkt. No. 18 at 8.) He also avers that "[t]he very limited [sic] access was only guaranteed if an inmate was within 45 days of a varifiable [sic] deadline." (Id.) Ragland argues that "[t]he unreasonable time restraints of a remaining 8 month[s], until deadline, with only extremely limited [sic] access made it virtually impossible for an incarcerated pro se litigant of limited [sic] education to file a competent PRP." (Id. at 9.) Ragland states that "[h]ad I only endured extremely limited law library access I would have been able to file [the] PRP within 10 months leaving 60 days to spare in the event [his] state petition was denied and Federal relief was required." (Id. at 8.) Ragland also states that during this time he "concentrated [his] available time

and effort toward [his] state PRP which proved very difficult to the point that [he] asked for additional time to file due to lack of meaningful access to law material as a result of Covid-19 restrictions." (Id. at 15.)

- Ragland filed a motion for extension of time with the State Court of Appeals to accept his PRP. (R&R at 3 & n.3.) Although Ragland signed his motion for extension on November 15, 2021 (Dkt. No. 13, Ex. 6), and the mail was postmarked on November 17, 2021 (id., Ex. 8 at 11), the motion was not filed in the Court of Appeals until December 6, 2021 (see id., Ex. 6 at 1).

- Ragland filed a PRP with the State Court of Appeals around the same time. Ragland signed his PRP on November 23, 2021, and it was received by the Court of Appeals for filing on December 3, 2021. (R&R at 3.) Ragland states that he "slapped together a sloppy first draft PRP" out of fear that this motion for extension of time would be denied. (Dkt. No. 18 at 10.)

- The Court of Appeals granted Ragland's motion for extension and "the [personal restraint] petition [was] accepted as timely." (Dkt. No. 13-1 at 194.) In so ruling, the Court of Appeals applied the principles of equitable tolling, as set out in In re Pers. Restraint of Fowler, 197 Wn.2d 46, 49 (2021). (Id.) In full, the Court reasoned: "Because the COVID-19 restrictions establish extraordinary circumstances and it appears that Petitioner has exercised due diligence in submitting this petition within a couple of weeks of the one-year deadline, the motion to extend time in which to file the petition is granted and this petition is accepted as timely."

- Ragland's PRP was unsuccessful and it became final on June 7, 2023.

- Ragland filed his federal habeas petition on June 28, 2023.

The R&R recommends dismissal of the Ragland's petition as untimely, finding that Ragland is not entitled to statutory or equitable tolling. Ragland challenges those determinations.

## ANALYSIS

### A.   Legal Standard

The Court reviews de novo those portions of a magistrate judge's report and recommendation to which a party properly objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A party properly objects when he or she files "specific written objections" to the magistrate judge's report and recommendation as required under Federal Rule of Civil Procedure 72(b)(2).

**B.    Statutory Tolling**

Ragland argues that he is entitled to statutory tolling under 28 U.S.C. § 2244(d) for two separate reasons. First, he claims the statute of limitations was tolled during the pendency of his PRP. Second, he claims the statute of limitations was tolled during the time he was impeded from pursuing his PRP. Neither argument has merit.

**1.    Tolling During Pendency of Collateral Review**

Although Ragland does not directly attack Judge Peterson's analysis of statutory tolling, the Court reviews it briefly.

Though there are other statutory exceptions, Ragland's federal habeas petition had to be filed within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). But "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one-year statute of limitation. 28 U.S.C. § 2244(d)(2).

Ragland's federal habeas petition does not fall within the tolling of § 2244(d)(2) because he waited too long to file his PRP. As the record shows, Ragland filed his PRP roughly 18 days after the federal statute of limitations expired. And as the R&R correctly notes, the filing of a PRP will only toll the federal statute of limitations if the PRP is filed before the federal statute of limitations has expired. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) (noting that Section "2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed"); see also Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001) (holding that the failure to file within Section 2244's "limitation period resulted in an absolute time bar to refiling after [the petitioner's] state claims were exhausted"). Applied here, the PRP

1    was filed too late to toll the federal statute of limitations. This remains true even though the State

2    Court accepted Ragland's PRP as "timely filed," making it "properly filed" pursuant to 28

3    U.S.C. § 2244(d)(2). See Artuz v. Bennett, 531 U.S. 4, 8 (2000). Though "properly filed" under

4    state law equitable tolling standards, the PRP still had a filing date that fell after the federal

5    statute of limitations expired. As such, Ragland is not eligible for § 2244(d)(2) tolling.

6        **2.    Tolling Due to Impediment**

7        The one year statute of limitations may also be statutorily tolled for any period of time

8    during which the "applicant was prevented from filing" a state action and the period will be

9    stayed "to the date on which the impediment to filing an application created by State action in

10   violation of the Constitution or laws of the United States is removed." 28 U.S.C. §

11   2244(d)(1)(B). "To obtain relief under § 2244(d)(1)(B), the petitioner must show a causal

12   connection between the unlawful impediments and his failure to file a timely habeas petition."

13   Bryant v. Arizona, 499 F.3d 1056, 1060 (9th Cir. 2007) (citing Gaston v. Palmer, 417 F.3d 1030,

14   1034-35 (9th Cir. 2005), amended by 447 F.3d 1165 (9th Cir. 2006)). Delayed accrual under §

15   2244(d)(1)(B) is permitted only if the state impediment prevents a petitioner "from presenting

16   his claims in any form, to any court." Ramirez v. Yates, 571 F.3d 993, 1001 (9th Cir. 2009)

17   (emphasis in original) (citing Lewis v. Casey, 518 U.S. 343, 350-51 (1996)).

18       The Court agrees with the R&R's determination that Ragland has not identified any

19   impediment that caused him not to file a timely federal habeas petition. It is true that Ragland

20   lacked law library access for four months and spent 25 days separated from his legal materials.

21   But he was otherwise in possession of his legal materials and a book concerning post-conviction

22   proceedings. Moreover, from March 26 to November 15, 2021, he had access to the law library

23   and was fully able to file materials with the courts—as evidenced by his filings in state court.

24

ORDER ADOPTING REPORT AND RECOMMENDATION - 5

1    The Court agrees with the R&R's determination that Ragland was able to prepare his PRP within

2    the time allotted and that there was no verifiable impediment that caused him to miss the federal

3    deadline. It appears that Ragland focused solely on his PRP to the detriment of filing a federal

4    habeas petition to toll the federal statute of limitations. While Ragland argues he had to first

5    exhaust his claims in state court, he appears unaware that "[a] prisoner seeking state

6    postconviction relief might avoid this predicament [of state court exhaustion], however, by filing

7    a 'protective' petition in federal court and asking the federal court to stay and abey the federal

8    habeas proceedings until state remedies are exhausted." Pace v. DiGuglielmo, 544 U.S. 408, 416

9    (2005) (citing Rhines v. Weber, 544 U.S. 269, 278 (2005)). So Ragland could have filed a

10   federal habeas petition and had it held in abeyance pending the resolution of his PRP. But he

11   failed to take advantage of this process. On this basis, the Court OVERRULES the Objections

12   and ADOPTS the R&R.

13   **C.    Equitable Tolling**

14           Ragland largely focuses his objections on R&R's conclusion that he is not entitled to

15   equitable tolling. The objections are without merit.

16           "A petitioner is entitled to equitable tolling if she can establish that (1) she was pursuing

17   her rights diligently, but (2) some extraordinary circumstance stood in her way." Rudin v. Myles,

18   781 F.3d 1043, 1054 (9th Cir. 2015) (citing Pace, 544 U.S. at 418; Sossa v. Diaz, 729 F.3d 1225,

19   1229 (9th Cir. 2013)). "The diligence required for equitable tolling purposes is 'reasonable

20   diligence,' not 'maximum feasible diligence.'" Id. at 1055. "The petitioner must additionally

21   show that the extraordinary circumstances were the cause of his untimeliness, and that the

22   extraordinary circumstances ma[de] it impossible to file a petition on time." Ramirez v. Yates,

23   571 F.3d 993, 997 (9th Cir. 2009)  (citation and quotation omitted). Subject to the unique facts of

24

1    each case, the petitioner "bears a heavy burden to show that she is entitled to equitable tolling,

2    lest the exceptions swallow the rule." Rudin, 781 F.3d at 1055. (citation and quotation omitted).

3    "At bottom, the purpose of equitable tolling is to 'soften the harsh impact of technical rules

4    which might otherwise prevent a good faith litigant from having [her] day in court.'" Id. (quoting

5    United States v. Buckles, 647 F.3d 883, 891 (9th Cir.2011) (internal quotation marks omitted)).

6         The Court agrees with the R&R's conclusion that Ragland is not entitled to equitable

7    tolling. The correct measure of the time he seeks to toll is 19 months—from November 15, 2021

8    (the due date of his federal habeas petition) to June 28, 2023 (the date he filed this petition).

9    During that period of time Ragland was unsuccessfully pursuing his PRP in state court. But he

10   did nothing to pursue his federal claims during this period. And from November 13, 2020 to the

11   date of filing his PRP, he has identified only the 4 months during which the law library was

12   closed and then the 8 months when services were limited. But aside from the four month library

13   closure due to the COVID-19 pandemic, these are not extraordinary circumstances that might

14   excuse his late-filed habeas petition. And to the extent that Ragland did not know about the

15   federal statute of limitations, that is not an extraordinary circumstance excusing his neglect.

16   Once again, any misunderstanding regarding the way the federal statute of limitations operates

17   does not entitle Petitioner to equitable tolling. Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir.

18   2006) (holding that "a pro se petitioner's lack of legal sophistication is not, by itself, an

19   extraordinary circumstance"); Ford v. Pliler, 590 F.3d 782, 789 (9th Cir. 2009) (observing that

20   the equitable tolling standard "has never been satisfied by a petitioner's confusion or ignorance

21   of the law alone").

22        In his objections, Ragland argues that because the state court granted his motion for

23   extension on equitable tolling grounds, this Court, too, should equitably toll the statute of

24

1    limitations. But the question pending before the state court was different—should the court toll

2    the statute of limitations for 18 days when Ragland lacked library access for four months? The

3    question as to tolling of the federal statute of limitations is different. The Court is here asked

4    whether it should toll the statute for 19 months. On this record, Ragland has only identified the

5    library closure due to the COVID-19 pandemic for four months as an extraordinary

6    circumstance. The court does not find that the limits on access to the library for eight additional

7    months to be extraordinary and Ragland fails to grapple with the fact that he could have filed a

8    federal place-holder petition per <u>Rhines</u> at any point after the library reopened and before the

9    statute of limitations expired. Ragland incorrectly argues that he could not have filed a federal

10   petition before he exhausted his claims via a PRP. (Dkt. No. 27 at 10.) This is not a catch-22, as

11   Ragland has argued. As explained in <u>Rhines</u>, Ragland could have filed a placeholder federal

12   petition that would have tolled the statute of limitations and then held in abeyance pending

13   resolution of his PRP. <u>Id.</u>, 544 U.S. at 278. Ragland also suggests that although he could have

14   filed a federal petition, his "limited time was already in use fulfilling his obligation to present [a]

15   PRP in a timely manner." (Dkt. No. 10.) This is a tacit admission that he had the time to file a

16   federal petition, but chose not to pursue that avenue of relief.

17        The Court therefore OVERRULES the Objections and ADOPTS the R&R.

18   **D.    Certificate of Appealability**

19        The Court finds that a certificate of appealability should not issue in this matter. A

20   certificate of appealability should issue only where a petitioner has made a "substantial showing

21   of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard

22   "by demonstrating that jurists of reason could disagree with the district court's resolution of his

23   constitutional claims or that jurists could conclude the issues presented are adequate to deserve

24

1   encouragement to proceed further." <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 327 (2003). Ragland has

2   not demonstrated he is entitled to a certificate of appealability.

3                                        **CONCLUSION**

4          The Court finds no merit in Ragland's Objections to the R&R and OVERRULES them.

5   The Court ADOPTS the R&R and DISMISSES Ragland's untimely habeas petition with

6   prejudice. The Court DECLINES to issue a certificate of appealability and DENIES as MOOT

7   Ragland's request for an evidentiary hearing.

8          The clerk is ordered to provide copies of this order to Petitioner, all counsel, and

9   Magistrate Judge Peterson.

10          Dated August 2, 2024.

11

12                                          Marsha J. Pechman
                                            United States Senior District Judge

13

14

15

16

17

18

19

20

21

22

23

24